FRANCISCO COLÓN MORET ET AL., Petitioners and Appellees, *v.* ASOCIACIÓN AZUCARERA COOPERATIVA LAFAYETTE ET AL., Respondents and Appellants.

No. 9428. Argued April 9, 1947.—Decided April 28, 1947.

*Miguel Guerra-Mondragón* and *Guillermo Cintrón Ayuso* for appellants. *Orlando J. Antonsanti, René Benítez,* and *Ernesto Ramos Antonini* for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On May 12, 1946, there was held a special meeting of members of Asociación Azucarera Cooperativa Lafayette. Among the matters to be considered at that assembly was the removal of several directors. After the matter was discussed, a vote was taken thereon with the following result: 84 votes for removal, 14 against, and 190 members not voting. After that result was announced, the assembly considered that the petitioners had been removed from their offices and proceeded to elect new members for the cooperative. The petitioners did not accept that decision and on June 11, 1946, they filed in the District Court of Guayama an application, the ultimate purpose of which was to obtain their reinstatement in their aforesaid offices of directors. After a hearing at which both parties were present, the District Court of Guayama, in a lengthy opinion, dismissed the application but without awarding costs or attorney's fees. Feeling aggrieved by that judgment in so far as it failed to award costs or attorney's fees,

the respondents appealed to this Court, assigning in their brief only one error, to wit: "The lower court erred in its judgment, in absolving the appellees from the payment of costs and attorney's fees."

■ As regards the awarding of costs, there is no doubt that the appellants are right. Since the taking effect of Act No. 94 of May 11, 1937 (Sess. Laws, p. 229), the imposition of costs on the defeated party is mandatory. We have repeatedly so held. *Serrano* v. *Vega*, 64 P.R.R. 626; *Blanes* v. *González*, 60 P.R.R. 553; and *Housing Authority, Etc.* v. *Hutton*, 60 P.R.R. 450.

■■ However, as to the failure to award attorney's fees, we must say that under the aforesaid Act No. 94 of 1937, attorney's fees are awarded to the prevailing party only in those cases where the defeated party has acted with obstinacy. We have so decided in several cases: *Maldonado* v. *Insular Racing Commission*, 64 P.R.R. 481, 482 and *Martínez* v. *Báez*, 63 P.R.R. 751.

Have the appellees herein been obstinate? We think not. In the application filed by them they allege that they rely on § 24 of the Corporation Law of Puerto Rico, approved March 9, 1911, as amended, and on § 29 of Act No. 70 of August 4, 1925. There is no question that the latter Act had already been expressly repealed by Act No. 291 of April 9, 1946 (Sess. Laws, p. 686). (See § 30 of said Act No. 291 the third paragraph of which Section specifically repeals Act No. 70, *supra*.) However, although at the time the said meeting of members took place and at the time the petitioners' application was filed the above-mentioned Act No. 70 of 1925 had already ceased to exist, there was in force § 13 B of Act No. 291 which also provides that "Any member may request the removal of a director upon the preferment of charges . . ." and that "Such application shall be submitted to the consideration of the next assembly of members, which may be a special assembly called for the purpose, which assembly may remove the director *by a majority vote of the members present.*"

(Italics ours.)   See § 81(*b*) of the Rules of Civil Procedure; *San Patricio Corp.* v. *Colón,* 65 P.R.R. 860, and *Figueroa* v. *Díaz et al.,* 20 P.R.R. 270.   The meeting held on May 12, 1946, is alleged to have been attended by 380 members who constituted the whole membership of the cooperative.   Some of them appeared personally while others did so by proxy. However, as we have already stated, when the vote on the removal of the petitioners was taken, only 84 members voted in favor of the removal, 14 against, and 190 refrained from voting.   We do not think that the petitioners were obstinate in resorting to the District Court of Guayama as they did.

It should be noted, of course, that we are deciding herein only the appeal taken from that part of the judgment which failed to impose costs and attorney's fees on the petitioners. Hence, nothing contained in this opinion can operate to prejudge in any way the merits of the case.

A judgment will be entered modifying the one rendered by the District Court of Guayama in this case to impose costs on the petitioners but without including attorney's fees.